UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MCLEOD,

        Plaintiff,                              Case No. 24-12407

-v-

ENNIS CENTER FOR CHILDREN, INC.,

        Defendant.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com


_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, Daniel McLeod, by and through his counsel, The Niskar Law Firm, PLLC, and for his complaint against the defendant respectfully states unto this Honorable Court as follows:

## A.  Statement of Jurisdiction and Venue

1. Plaintiff is a resident of the County of St. Clair, State of Michigan.

2. Defendant, Ennis Center for Children, Inc., is a Michigan corporation with its principal place of business located in the City of Flint, County of Genesee, State of Michigan, which regularly conducts operations within the geographic region constituting the Eastern District of Michigan, Southern Division.

3. The pertinent events giving rise to this cause of action occurred in whole or substantial part in the Counties of Genesee and St. Clair, in the State of Michigan, and thus within the Eastern District of Michigan, Southern Division.

4. As the defendant regularly conducts its operations in, and all pertinent events giving rise to this action occurred within the Eastern District of Michigan, Southern Division, this Honorable Court possesses personal jurisdiction over the defendant, and venue is proper pursuant to 28 USC § 1391.

5. Plaintiff alleges violations of the Family & Medical Leave Act of 1993, 29 USC § 2601, *et seq*. ("FMLA") and Section 504 of the Rehabilitation Act of 1973, 29 USC § 794, *et seq*. ("the Rehabilitation Act").  Therefore, this Honorable Court possesses original subject matter jurisdiction pursuant to

28 USC § 1331, 29 USC § 2617(a)(2) and 29 USC § 794a [adopting 42 USC § 2000e-5(f)(3)]. This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

## B. Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

6.  Plaintiff was hired by defendant on or about January 21, 2023.

7.  Plaintiff worked for defendant as a care aid (which was sometimes referred to as a case aid).

8.  Defendant employed 50 or more employees at plaintiff's work site, or alternatively, within a 75 mile radius of the location of plaintiff's work site, for each working day during each of 20 or more calendar workweeks in the year 2023.

9.  Defendant employed 50 or more employees at plaintiff's work site, or alternatively, within a 75 mile radius of the location of plaintiff's work site, for each working day during each of 20 or more calendar workweeks in the year 2024.

10. Plaintiff last worked for defendant on December 22, 2023.

11. As of December 22, 2024, plaintiff had provided defendant with notice of his need for leave of absence due to his medical condition(s).

12. Plaintiff worked more than 1250 hours for defendant in the 12 months leading up to January 21, 2024.

13. Plaintiff suffered/suffers from a medical condition which involved plaintiff experiencing a severe abdominal hernia. The condition resulted in plaintiff having a feeding tube inserted and being fed through a feeding tube for 3-4 months, caused significant weight loss, caused muscle wasting, caused weakness, and caused plaintiff to undergo surgery.

14. Due to his condition, defendant designated plaintiff as being on a leave of absence effective January 4, 2024.

15. Plaintiff underwent surgery for his condition on or about January 15, 2024.

16. Plaintiff attempted to return to work on Monday, March 18, 2024, which was the first work day following his last day of leave on Friday, March 15, 2024.

17. As of March 15, 2024, plaintiff was under a temporary weight lifting restriction which did not prevent him from performing the essential functions of his job either with or without reasonable accommodation.

18. As of March 15, 2024, plaintiff was able to perform the essential functions of his job either with or without reasonable accommodation.

19. On March 18, 2024, defendant terminated plaintiff's employment in whole or in substantial part due to his weight lifting restriction.

20. Defendant terminated plaintiff's employment, in whole or in substantial part because of his period of absence between December 22, 2023 and March 15, 2024.

21. Plaintiff's absences from December 22, 2023 to the first anniversary of his hire of January 21, 2024 (or alternatively January 23, 2024) were protected as a reasonable accommodation by the Rehabilitation Act.

22. Plaintiff's absences from January 21, 2024 (or alternatively January 23, 2024) to March 18, 2024 were protected by the FMLA, as well as the Rehabilitation Act.

23. Defendants utilized plaintiff's period of absence from December 22, 2023 to and including March 15, 2024 as a basis for and/or as a negative factors in its decision to terminate plaintiff's employment.

24. Defendant terminated plaintiff's employment in violation of the entitlement/interference provisions, and anti-retaliation provisions of the FMLA, and the regulations promulgated thereunder.

25. Defendant terminated plaintiff's employment in violation of his rights under the Rehabilitation Act and PWDCRA.

26. Defendant knew, or should have known, that plaintiff's termination violated the FMLA, the Rehabilitation Act and/or the PWDCRA.

27. Defendant did not act in good faith toward plaintiff, and likewise did not act

under a reasonable belief that it was complying with the FMLA.

### C. Count I – Violation(s) of the Family and Medical Leave Act, 29 USC § 2601, *et seq.*

Plaintiff incorporates all prior averments, as if fully set forth herein.

28. Plaintiff qualified as, and was an eligible employee of the defendant under the FMLA by January 21, 2024 (or alternatively January 23, 2024), and the regulations promulgated thereunder.

29. Defendant qualified as, and was an employer of the plaintiff under the FMLA, and the regulations promulgated thereunder.

30. Plaintiff was qualified for the job position he held with defendant.

31. As of January 21, 2024 (or alternatively January 23, 2024), plaintiff was qualified for FMLA leave under 29 USC § 2611 and 29 USC § 2612.

32. Plaintiff's medical condition(s) requiring the aforementioned leave of absence constituted a "serious health condition" or "serious health conditions" within the meaning of 29 USC § 2612 and 29 CFR §§ 825.113-115.

33. Plaintiff provided defendant with adequate, timely and sufficient notice under the circumstances of his need for leave under the FMLA.

34. Prior to terminating plaintiff, defendant did not make proper inquiry to determine if the plaintiff's absence and/or reinstatement rights was/were

subject to rights and protections under the FMLA and/or the regulations promulgated thereunder, and/or likewise did not act under a reasonable belief that it was complying with the FMLA, and regulations promulgated thereunder when it refused plaintiff his reinstatement rights following his leave of absence.

35. Defendant engaged in conduct prohibited under the FMLA, and the regulations promulgated thereunder, including but not limited to:

   a. Improperly denying the plaintiff leave rights under the FMLA;
   b. Improperly terminating the plaintiff in violation of the FMLA;
   c. Improperly failing to timely, fully and properly reinstate plaintiff to his prior job position, or an equivalent position at the conclusion of his FMLA leave;
   d. Improperly failing to maintain the plaintiff's employment benefits during the time period plaintiff was entitled to under the FMLA;
   e. Improperly failing to timely, adequately and appropriately comply with the regulations promulgated under the FMLA;
   f. Improperly interfering with the plaintiff's leave and reinstatement rights under the FMLA;
   g. Improperly and unlawfully retaliating against plaintiff for exercising his rights and protections under the FMLA, and the regulations promulgated thereunder;
   h. Improperly utilizing FMLA-protected absences and/or plaintiff's exercise of rights under the FMLA as a negative factor in the decision to terminate plaintiff's employment; and
   i. Wilfully, intentionally, and purposely violating the plaintiff's rights under the FMLA, and otherwise engaging in bad faith violations of the FMLA, as well as violating the requirements of the FMLA without reasonable basis to conclude its actions complied with the FMLA.

36. As a direct and proximate result of the defendant's violations of the FMLA

and the regulations promulgated thereunder, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages set forth in 29 USC § 2617, including but not limited to lost wages, lost overtime wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, interest, costs of litigation, attorney fees and liquidated damages equal to the sum set forth in 29 USC § 2617.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

37. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to his former position, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that the defendant violated the FMLA in the aforementioned ways, enjoining defendant from further violations of the FMLA against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising her rights under the FMLA, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and

convincing evidence. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, compensatory damages, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, liquidated damages, costs, interest, etc.

### D. Count II – Violation(s) of Section 504 of the Rehabilitation Act of 1973, 29 USC § 794, *et seq*. ("the Rehabilitation Act")

Plaintiff incorporates all prior averments, as if fully set forth herein.

38. At all pertinent times, plaintiff was an "otherwise qualified individual with a disability" as defined and contemplated by the Rehabilitation Act, 29 USC § 794(a).

39. At all pertinent times, defendant was a program or activity as defined and contemplated by the Rehabilitation Act, 29 USC § 794(a)-(b).

40. At all pertinent times, defendant was subject to the requirements and prohibitions contained within the Rehabilitation Act, specifically including the prohibition against exclusion from participation in the program or activity, denial of the benefits of the program or activity, and/or discrimination because of disability.

41. Plaintiff was qualified for the job position he held with defendant.

42. Defendant failed and/or refused to provide plaintiff with one or more

reasonable accommodation(s), including full leave rights, full reinstatement rights, and additional leave rights as needed; terminated his employment due to the leave time plaintiff took and/or needed as an accommodation; failed to timely and properly reinstate plaintiff into his job position; and/or failed to afford plaintiff additional leave time as a reasonable accommodation (if needed).

43. Defendant violated the Rehabilitation Act by, and is liable to plaintiff under the Rehabilitation Act for:

   a. taking the aforementioned adverse employment action(s) against plaintiff solely because of his disability;
   b. failing and/or refusing to timely and properly reinstate plaintiff into his job position following completion of his protected leave;
   c. failing and/or refusing to afford and/or allow plaintiff reasonable accommodation(s) which would have enabled him to maintain and perform the essential functions of the job, if any were needed, including but not limited to leave time with proper and full reinstatement;
   d. failing and/or refusing to afford and/or allow plaintiff reasonable accommodation(s), which would have enabled him to maintain and perform the essential functions of the job, if any were needed, including but not limited to having others assist with any lifting activity and/or additional leave time until lifting restrictions were removed;
   e. terminating plaintiff's employment solely because of his disability and/or as a result of its failure to afford plaintiff reasonable accommodation(s);
   f. failing and/or refusing to timely and properly engage with plaintiff in the interactive process required by the Rehabilitation Act;
   g. terminating plaintiff for exercising rights under the Rehabilitation Act; and

      h.      Alternatively, regarding plaintiff as being disabled, and terminating him and/or refusing to reinstate him based solely on the basis of such in violation of the Rehabilitation Act and/or having a record of suffering from a disability.

44. Defendant's violations of the Rehabilitation Act were done with malice and/or reckless indifference plaintiff's rights, thereby entitling plaintiff to punitive damages, in addition to all other damages available at law.

45. As a direct and proximate result of the defendant's violations of the Rehabilitation Act and the regulations promulgated thereunder, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages provided for in 29 USC § 794a, including but not limited to lost wages, lost overtime wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, interest, costs of litigation, and attorney fees. Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

46. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to his former position, compelling defendant to retroactively restore plaintiff's

seniority rights and/or opportunities for promotion, declaring that the defendant violated the Rehabilitation Act in the aforementioned ways, enjoining defendant from further violations of the Rehabilitation Act against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising her rights under the Rehabilitation Act, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, costs, interest, etc.

### E.  Count III – Violation(s) of the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq* – Disability Discrimination; Failure to Accommodate; and Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

47. Plaintiff has at all pertinent times been a person with a disability within the meaning of MCL § 37.1103(g) whose disability qualifies as such under MCL § 37.1103(d).

48. Defendant was at all pertinent times an employer of plaintiff within the

meaning of MCL § 37.1201(b), and is subject to the prohibitions against discrimination on the basis of disability contained in the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq.* ("PWDCRA").

49. Plaintiff was qualified for the job position he held with defendant.

50. Defendant failed and/or refused to provide plaintiff with one or more reasonable accommodation(s), including full leave rights, full reinstatement rights, and additional leave rights as needed; terminated his employment due to the leave time plaintiff took and/or needed as an accommodation; failed to timely and properly reinstate plaintiff into his job position; and/or failed to afford plaintiff additional leave time as a reasonable accommodation (if needed).

51. Defendant violated the PWDCRA by, and is liable to plaintiff under the PWDCRA for:

   a. taking the aforementioned adverse employment action(s) against plaintiff solely because of his disability;
   b. failing and/or refusing to timely and properly reinstate plaintiff into his job position following completion of his protected leave;
   c. failing and/or refusing to afford and/or allow plaintiff reasonable accommodation(s) which would have enabled him to maintain and perform the essential functions of the job, if any were needed, including but not limited to leave time with proper and full reinstatement;
   d. failing and/or refusing to afford and/or allow plaintiff reasonable accommodation(s), which would have enabled him to maintain and perform the essential functions of the job, if any were needed, including but not limited to having others assist with any lifting

    activity and/or additional leave time until lifting restrictions were removed;
- e. terminating plaintiff's employment solely because of his disability and/or as a result of its failure to afford plaintiff reasonable accommodation(s);
- f. failing and/or refusing to timely and properly engage with plaintiff in the interactive process required by the PWDCRA;
- g. terminating plaintiff for exercising rights under the PWDCRA; and
- h. Alternatively, regarding plaintiff as being disabled, and terminating him and/or refusing to reinstate him based solely on the basis of such in violation of the PWDCRA and/or having a record of suffering from a disability.

52. Defendant's violations of the PWDCRA were done with malice and/or reckless indifference to plaintiff' rights, thereby subjecting defendant to exemplary damages, in addition to all other damages available at law.

53. As a direct and proximate result of defendant's violations of the PWDCRA, Plaintiff suffered emotional distress, mental anguish, pain and suffering.

54. As a direct and proximate result of defendant's violations of the PWDCRA, plaintiff suffered economic damages including loss of wages/salary, loss of overtime wages, consequential damages, the value of lost benefits, back pay, front pay, and any incurred medical expenses.

55. Plaintiff hereby seeks the recovery of all compensatory (past and future economic and non-economic damages) available under the law, litigation costs, interest, and all exemplary damages available at law, as well as all attorney fees incurred in having to investigate, pursue, litigate and prosecute

this claim pursuant to the PWDCRA.

56. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to his former position, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that defendant violated the PWDCRA in the aforementioned ways, enjoining defendant from further violations of the PWDCRA against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising her rights under the PWDCRA, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, non-economic damages, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, exemplary damages, costs, interest, etc.

WHEREFORE the plaintiff respectfully requests this Honorable Court to enter judgment in his favor, and against the defendant, for all compensatory damages (past and future economic and non-economic damages), liquidated

damages, exemplary damages available under the law, as well as all litigation costs, interest, and attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the FMLA, the Rehabilitation Act, and the PWDCRA.

          Respectfully submitted,

          THE NISKAR LAW FIRM, PLLC

          By: /s/ Joey S. Niskar
          JOEY S. NISKAR (P55480)
          Attorney for Plaintiff
          P.O. Box 252917
          West Bloomfield, MI  48325
          (248) 702-6262

Dated:  September 12, 2024      joey@wrongfullydischarged.com

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MCLEOD,

        Plaintiff,                               Case No. 24-12407

-v-

ENNIS CENTER FOR CHILDREN, INC.,

        Defendant.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

_____/

**DEMAND FOR JURY TRIAL**

    NOW COMES the plaintiff, Daniel McLeod, by and through his attorneys, The Niskar Law Firm, PLLC, and hereby demands a trial by jury on all issues, claims and defenses in this case.

                                        Respectfully submitted,

                                        THE NISKAR LAW FIRM, PLLC

                                        By: /s/ Joey S. Niskar
                                        JOEY S. NISKAR (P55480)
                                        Attorney for Plaintiff
                                        P.O. Box 252917
                                        West Bloomfield, MI  48325
                                        (248) 702-6262
Dated:  September 12, 2024         joey@wrongfullydischarged.com